[No. 21160.   Department One.   June 22, 1928.]

COAST TRUCKING COMPANY et al., Respondents, v. WEST SEATTLE DAIRY, Appellant.[1]

[1] MECHANICS' LIENS (24)—RIGHT TO LIENS—NECESSITY OF AGREEMENT WITH OWNER. The performance of work for a contractor under a contract to excavate certain lots for the owners, does not entitle the laborers to a lien upon another lot belonging to a corporation, on which the dirt excavated was deposited, there being nothing in the contract as to the disposition of the dirt, or any agreement with the owner of the lot filled up.

Appeal from a judgment of the superior court for King county, Jones, J., entered October 17, 1927, upon findings in favor of the plaintiffs, in an action to enforce a mechanic's lien.   Reversed.

*James Kiefer,* for appellant.
*Harry Hazel,* for respondents.

FRENCH, J.—The West Seattle Dairy is a close corporation, having but two stockholders, a Mr. Bryan and a Mr. Henry, they being the officers.   There were certain lots in West Seattle in block 35, the legal title to which stood in the names of Mr. Bryan and Mr. Henry, although the record seems to indicate that the West Seattle Dairy may have been the equitable owner. About two blocks distant from these lots, were ten or eleven other lots in block 58, the title to which stood in the name of the West Seattle Dairy.   A contract was let to excavate the first mentioned lots, the title to which stood in the name of the two stockholders, the contract price for this excavation being $1,200.   The work was done by steam shovel and the surplus dirt was hauled away by trucks, the greater amount of the surplus dirt being deposited on the lots in block 58.

[1] Reported in 268 Pac. 598.

The contract was let to a man by the name of Wilds, and he employed respondents to haul away the dirt as fast as it was excavated, the agreed price for the hauling being three dollars per hour. Not having been paid in full for the hauling, the respondents filed a lien on the lots in block 58 on which the surplus dirt was deposited, and from a judgment foreclosing the same this appeal is prosecuted.

Respondents claim the right to have a lien under the following provision of Rem. Comp. Stat., § 1131 [P. C. § 9708].

"Any person who, at the request of the owner of any real property, his agent, contractor or subcontractor, clears, grades, fills in or otherwise improves the same, or any street or road in front of, or adjoining the same, has a lien upon such real property for the labor performed, or the materials furnished for such purposes."

[1] The respondents were employed by the contractor, Mr. Wilds. According to his testimony, and this is the only testimony in the record touching the question, Wilds was employed to excavate the lots in block 35, title to which stood in the names of the two stockholders of the corporation. According to his testimony, the dirt hauled away from these lots might have been dumped any place, and according to his testimony, he did not know that the lots in block 58 and on which a considerable portion of the dirt was dumped and on which the lien was claimed, belonged to the West Seattle Dairy. He does not claim to have had any contract for filling in these lots, but specifically states that his contract was to excavate the first mentioned lots. He states that some of the dirt taken from these first mentioned lots was dumped on lots other than those on which the lien is claimed. Respondents do not claim that they were employed by the appel-

lant; rather, in their oral testimony and in their claim of lien, they state that

" . . . at the request of William Wilds, contractor, they commenced to perform labor upon lots 14, 15, 16, 17, 18, 19, 20, 21, 22, 23 and 24, block 58, Boston Company's Plat of West Seattle, King county, Washington, in hauling and transporting dirt, clearing, grading and otherwise improving the same, of which property the owner or reputed owner is West Seattle Dairy, a corporation."

We can find no testimony in the record which would indicate that William Wilds had any contract covering the lots in block 58. His contract was for excavating entirely different property. Undoubtedly, under the above quoted statute, respondents might have claimed a lien on the property excavated, but there is nothing in the record to indicate that any person was employed to do anything on the lots mentioned in the lien notice.

We think it but fair to state that the lien notice does not appear to have been prepared by the attorney in this action. We think the record clearly discloses that respondents have no lien on the property mentioned in the lien notice.

Reversed, with instructions to dismiss.

FULLERTON, C. J., PARKER, TOLMAN, and MITCHELL, JJ., concur.